CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
May 31, 2018
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| AUSTIN JOSEPH MCCORKLE,<br><br>*Petitioner*,<br><br>v.<br><br>PETER JOHN HEROLD, SR.,<br><br>*Respondent*. | CASE NO. 3:18-MC-00004<br><br><u>MEMORANDUM OPINION</u><br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Petitioner Austin McCorkle's ("McCorkle") motion to withdraw reference and Respondent Peter Herold's ("Herold") subsequent motion to dismiss. (Dkts. 1, 3). Herold and his wife previously filed for Chapter 13 Bankruptcy in the United States Bankruptcy Court for the Western District of Virginia. (Dkt. 2 at ECF 1); *In re Peter John Herold, Sr. and Amy Bond Herold*, No. 17-62475, (Bankr. W.D. Va. Dec. 27, 2017). Before Herold filed for bankruptcy, McCorkle sued him in Virginia state court for injuries sustained in a car accident. The accident was allegedly caused by Herold's intoxication. Upon Herold's filing for bankruptcy, McCorkle's state action was stayed. McCorkle now seeks to have his claim against Herold excepted from the ongoing bankruptcy proceedings, pursuant to 11 U.S.C. § 523(a)(9), and litigated in this Court. *See* 28 U.S.C. §§ 157(b)(5), (d). Herold has appeared and moved to dismiss the instant action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Although I will grant McCorkle's motion to withdraw reference, I find permissive abstention is appropriate and will dismiss the instant case.

### I. Motion to Withdraw Reference

"Under the Bankruptcy Code, a district court, and not the bankruptcy judge, must try

personal injury tort and wrongful death claims."[1] *In re Beard*, 811 F.2d 818, 832 (4th Cir. 1987).

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

28 U.S.C. § 157(b)(5). Thus, withdrawing the reference of personal injury actions is mandatory under the language of § 157(b)(5). *Desimone Hosp. Servs., LLC v. W. Virginia-Am. Water Co.*, No. AP 2:14-2008, 2014 WL 1577051, at *3 n.3 (S.D.W. Va. Apr. 16, 2014) (noting personal injury tort claims "are the subject of mandatory withdrawal of reference pursuant to 28 U.S.C. § 157(b)(5)."); *In re 610 W. 142 Owners Corp.*, No. 94 B 44488 (JGH), 1999 WL 294995, at *2 (S.D.N.Y. May 11, 1999) (same).

Here, neither party contests that McCorkle's claim is anything other than a personal injury tort claim. Indeed, his claim is for common law negligence, arising out of a car accident, seeking damages for personal injuries. *In re Cramer*, No. ADV. 10-1291 MBK, 2011 WL 2112518, at *2 (D.N.J. May 26, 2011) (granting plaintiff's motion to withdraw reference under § 157(b)(5) for a claim involving a car accident). Accordingly, the Court will grant McCorkle's motion to withdraw reference under the mandate in § 157(b)(5).

## II. Permissive Abstention

Although granting McCorkle's motion to withdraw reference is mandatory under § 157(b)(5), subsection (b)(5) "has consistently been construed to recognize discretion in district courts to leave personal injury cases where they are pending. In other words, the Bankruptcy Code ' 'allows abstention for personal injury cases' and only 'where abstention does not occur'

---

[1] Bankruptcy courts do not have the power under Article III of the U.S. Constitution to "resolve and enter final judgment on a state common law claim . . . . independent of the federal bankruptcy law and not necessarily resolvable by a ruling on the creditor's proof of claim in bankruptcy." *Stern v. Marshall*, 564 U.S. 462, 587 (2011). Section 157 "makes clear that issues surrounding personal injury and wrongful death claims are excluded from the jurisdiction of the bankruptcy court." *In re Hudgins*, 102 B.R. 495, 497 (Bankr. E.D. Va. 1989).

will the requirement for adjudication in a district court take effect.'" *In re Pan Am. Corp.*, 950 F.2d 839, 844 (2d Cir. 1991) (quoting *In re White Motor Credit,* 761 F.2d 270, 273 (6th Cir. 1985)). A district court is not precluded, "in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1). Such "abstaining" is called permissive abstention.[2]

## A. Permissive Abstention Factors

The Court considers a dozen factors when determining whether permissive abstention is appropriate:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden [on the court's] docket, (10) the likelihood that the commencement of the proceeding in [federal] court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties.

---

[2]    There are two types of abstention under 28 U.S.C. §§ 1334(c)(1), (c)(2): permissive and mandatory, respectively. Mandatory abstention under the statute occurs when:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2). Here, neither party has moved for mandatory abstention. Accordingly, only permissive abstention is addressed.

*In re Eastport Assocs.*, 935 F.2d 1071, 1075 (9th Cir. 1991); *see also In re Lee*, 461 F. App'x 227, 238 (4th Cir. 2012) (discussing the second, fourth, and tenth factors). "[O]ne or more (not necessarily all)" of these factors need be considered. *In re Cody, Inc.*, 281 B.R. 182, 190 (S.D.N.Y. 2002) (emphasis in original), *aff'd in part, appeal dismissed in part,* 338 F.3d 89 (2d Cir. 2003). "Courts should apply these factors flexibly, for their relevance and importance will vary with the particular circumstances of each case, and no one factor is necessarily determinative." *Matter of Chicago, Milwaukee, St. Paul & Pac. R. Co.*, 6 F.3d 1184, 1189 (7th Cir. 1993). On the whole, the factors weigh in favor of abstention in this case.

**B.     Analysis**

*1.     Predominance of State Law Issues*

To begin, state law issues predominate over any bankruptcy issues. The presence of a state law issue, while "not enough to warrant permissive abstention" by itself, is nevertheless "a significant consideration." *In re L & S Indus., Inc.,* 989 F.2d 929, 935 (7th Cir. 1993). Here, McCorkle's lone claim against Herold is for common law negligence under Virginia law. There are currently no independent federal or bankruptcy claims being asserted by McCorkle.[3] *See Power Plant Entm't Casino Resort Indiana, LLC v. Mangano*, 484 B.R. 290, 300 (Bankr. D. Md. 2012) (finding this factor weighed in favor of abstention, reasoning "[t]he [tort] claims that are

---

[3]     McCorkle does allege a separate "claim" regarding dischargability. *See* 11 U.S.C. § 523(a)(9) (excepting from discharge any a debt for personal injury caused by the debtor's operation of a motor vehicle while intoxicated). However, the minor federal issue regarding intoxication does not swallow the larger purely state claim.
    Further, while bankruptcy courts are not able to issue a final judgment on a state common law claim, they can still make factual findings regarding the issue of intoxication when determining dischargability. *Whitson v. Middleton*, 898 F.2d 950, 952 (4th Cir. 1990). In the event that McCorkle obtains a favorable final judgment in state court on his negligence claim, the Bankruptcy Court can sufficiently adjudicate the issue of intoxication for purposes of determining whether the debt (*i.e.,* the final judgment) is dischargable.

central to this litigation are based in state law. . . . There is not even one pendent or related federal or bankruptcy law claim.").

Therefore, this factor weighs in favor of abstention.[4]

## 2. *Presence of a Related State Court Proceeding*

There is a related proceeding already commenced in state court. McCorkle previously filed suit against Herold in state court seeking relief for his same state law claim. *See Joseph McCorkle v. Peter John Herold,* No. CL17000547-00, (Va. Cir. 2017). This weighs heavily in favor of abstention.[5] *Azam v. U.S. Bank, N.A.*, 690 F. App'x 484, 486 (9th Cir. 2017) (finding, *inter alia*, abstention was proper when "related state proceedings had commenced . . . .").

## 3. *Alternative Jurisdictional Bases*

Aside from 28 U.S.C. § 1334, there is no other jurisdictional basis for McCorkle's purely state law claim. First, the parties are not of diverse citizenship. (Dkt. 1-2 at ECF 4 (alleging both parties are residents of Virginia)). Thus, diversity of citizenship jurisdiction is lacking. *See* 28 U.S.C. § 1332. Second, McCorkle's claim presents no issue of federal law. Thus, there is no federal question or "arising under" jurisdiction. *See* 28 U.S.C. § 1331. With no other jurisdictional basis, this factor weighs heavily in favor of abstention.

---

[4] Relatedly, as to severability, "[b]ecause the claims at issue are all state law claims, there is nothing to sever. This factor [also] weighs in favor of abstention . . . ." *Mangano,* 484 B.R. at 301.

[5] While McCorkle's state court action is related to *his* instant attempt to litigate in federal court, the action is nonetheless remote and unrelated from *Herold's* bankruptcy case. Only the issue of intoxication is related to the Herold's bankruptcy proceeding. And that issue, by itself, is only relevant to dischargability. Whether a judgment, which has not yet been obtained, is considered dischargable is only tangentially related to a bankruptcy proceeding. *In re Cramer*, 2011 WL 2112518, at *4 ("Until liability is found and the claims liquidated, it is substantively remote from the main bankruptcy case."). This factor weighs in favor of abstention.

4. **Forum Shopping**

The specter of forum shopping is also present here. "The use of the Bankruptcy Code to obtain a favorable forum should not be encouraged." *Matter of U.S. Brass Corp.*, 110 F.3d 1261, 1265 (7th Cir. 1997); *In re Borgini*, No. 05-7110, 2005 WL 2205714, at *3 (Bankr. C.D. Ill. Aug. 25, 2005) (finding forum shopping was present when there were "no bankruptcy law issues presented in the matter; . . . no independent basis for federal jurisdiction, and, as a personal injury case with a jury demand, [the Bankruptcy] Court [had to] refer the matter for trial to the District Court."). Here, as has been discussed above, there are currently no questions of bankruptcy law present[6] and no independent basis for federal jurisdiction. Further, McCorkle could have moved the Bankruptcy Court lift the automatic stay on his state court proceeding—the place where he originally chose to litigate. Instead, he subsequently filed a motion to withdraw reference in this Court seeking to adjudicate his purely state law claim here. All of this, taken together with the fact that any factual findings regarding dischargability can later be made by the Bankruptcy Court, demonstrates McCorkle is making a veiled attempt at forum shopping. Accordingly, this factor favors of abstention.

\* \* \*

Based on the factors discussed above, the Court finds that permissive abstention is appropriate. The remaining factors do not alter this result.[7] Accordingly, I will abstain from adjudicating McCorkle's claims.

---

[6] The issue of intoxication is a factual finding to be made after a final judgment—there is no final judgment currently before the Court.

[7] The following factors are considered neutral or heavily outweighed by the factors addressed above: the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention; the difficulty or unsettled nature of the applicable law; the substance

### III. The Automatic Stay

Under the Bankruptcy Code, all ongoing legal proceedings against a debtor are automatically stayed when the debtor files for bankruptcy. *See* 11 U.S.C. § 362. However, a federal court can *sua sponte* lift an automatic stay to effectuate its rulings. *See* 11 U.S.C. § 105(a);[8] *Azam v. U.S. Bank, N.A.*, 690 F. App'x 484, 486 (9th Cir. 2017) ("When a bankruptcy court faces issues that are imminently pending in state court, it may abstain and lift the automatic stay."); *In re Sanchez*, 1997 WL 861753, at *2 (Bankr. E.D. Va. Nov. 7, 1997) ("Although not requested by any party, relief from stay is necessary to implement the court's order . . . . Therefore the court will exercise its authority to *sua sponte* lift the stay pursuant to 11 U.S.C. §§ 105(a) and 362(d)."); *In re Hudgins*, 102 B.R. at 498 (ruling the automatic stay can be lifted to allow a personal injury action to go forward). Here, McCorkle's state court action against Herold was automatically stayed when Herold filed for bankruptcy. Accordingly, the Court will partially lift the automatic stay, only as to McCorkle's state action, so he can proceed with litigating his claim against Herold in state court.

The Clerk of the Court is directed to send a certified copy of this memorandum opinion and accompanying Order to all counsel of record.

Entered this  31st  day of May, 2018.

*[signature: Norman K. Moon]*
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

rather than form of an asserted "core" proceeding; the burden on the Court's docket; the existence of a right to a jury trial; and the presence in the proceeding of nondebtor parties.

[8] "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules . . . ." 11 U.S.C. § 105(a).